**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

CAPITOL RECORDS, INC., a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and ARISTA RECORDS, LLC, a Delaware limited liability company,

Plaintiffs,

v.

THERESA MARINELLI

Defendant.

Civil No.: CA 04-460ML

**PLAINTIFF'S MOTION TO COMPEL**

Now come the Plaintiffs in the above-captioned case, by and through their attorney, the undersigned James E. O'Neil, Esq, and move this Honorable Court to issue an order compelling the Defendant, Theresa Marinelli to answer Plaintiff's Requests for Production of Documents, Requests for Admission, and First Set of Interrogatories pursuant to Rule 37 of the Federal Rules of Civil Procedure.

Respectfully Submitted
By the Plaintiff
By and Through It's Attorney

James E. O'Neil, #2097
The Meadows, Suite A-103
1130 Ten Rod Rd
North Kingstown, RI 02852
(401)-667-7111 -phone
(401)-667-7112- fax

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 8th day of July, 2005, a true and accurate copy of the within Motion to Compel was mailed first-class, postage prepaid to Ms. Theresa Marinelli, 39 Peck Avenue, Riverside, RI 02915.

James E. O'Neil, Esq.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CAPITOL RECORDS, INC., *ET AL.*,<br><br>Plaintiffs,<br><br>v.<br><br>THERESA MARINELLI,<br><br>Defendant. | Civil Action No.: 04-460ML |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

Plaintiff Capitol Records, Inc. *et al.*, ("Plaintiffs"), in support of their Motion to Compel against Defendant Theresa Marinelli, states and alleges as follows:

**INTRODUCTION**

This action seeks redress for the infringement of Plaintiffs' copyrighted sound recordings pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.* Plaintiffs are recording companies that own or control exclusive rights to copyrights in sound recordings. Since the early 1990s, Plaintiffs and other copyright holders have faced a massive and exponentially expanding problem of digital piracy over the Internet. Today, copyright infringers use various online media distribution systems (so-called "peer-to-peer" networks) to download (reproduce) and unlawfully disseminate (distribute) to others billions of perfect digital copies of Plaintiffs' copyrighted sound recordings each month. As a result of the rise of online media distribution systems, Plaintiffs have sustained and continue to sustain devastating financial losses. Plaintiffs' losses from the copyright infringement have also resulted in layoffs of thousands of employees in the music industry.

Plaintiffs filed this action on October 28, 2004 against Defendant Theresa Marinelli for damages and injunctive relief under the Copyright Act arising from Defendant's use of an online media distribution system known as "Kazaa" to download copyrighted recordings and to make those recordings available for distribution to others online. Defendant answered the Complaint on December 30, 2004, and on March 16, 2005, Plaintiff served its First Set of Interrogatories (Ex. A), its First Set of Requests for Production of Documents (Ex. B), and its First Request for Admission (Ex. C). Defendant has never responded to those discovery requests.

After Defendant's time to respond to these requests expired, Plaintiff's counsel corresponded with the Defendant on May 23, 2005 requesting that she comply with Plaintiff's discovery requests and telephoned Defendant on three (3) separate occasions – on the afternoons of June 3, 2005, June 7, 2005, and June 27, 2005 – specifically to discuss her failure to respond to these discovery requests. Each time, Plaintiff's counsel left messages on the answering machine that picked up at the very same telephone number that Plaintiff's counsel has previously used to telephone Defendant to discuss this case. Defendant has never responded to those telephone calls.

As a result, despite efforts to do so, counsel for Plaintiff has been unable to resolve this matter. Plaintiff therefore now files its Motion to Compel and seeks an Order (1) compelling Defendant to provide complete answers to Plaintiff's interrogatories and document requests and (2) deeming the requests for admissions admitted.

## ARGUMENT AND AUTHORITIES

### 1. Defendant's failure to respond at all to the interrogatories and the requests for production of documents warrants the entry of an Order compelling answers and the production of documents without objection.

As noted above, Defendant has failed to respond to Plaintiff's First Set of Interrogatories or Plaintiff's First Set of Requests for Production of Documents: she has served no responses whatsoever and has produced no documents to Plaintiff. She has therefore waived any potential objections to the interrogatories. *See, e.g.*, FED. R. CIV. P. 33(b)(4) ("Any ground not stated in a timely objection is waived . . . ."); *Cahela v. James D. Bernard, D.O., P.C.*, 155 F.R.D. 221, 227 (N.D. Ga. 1994) (citing cases for the rule that, where "the party to whom the interrogatories were propounded completely failed to respond or object to such interrogatories within the time allowed to answer," the right to object is waived) (citations omitted); *Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 661-62 (D. Colo. 2000) (finding waiver where responding party purported to respond to interrogatories or requests for production of documents well out of time and without any attempt to show good cause for delay); *Techsearch Servs., Inc. v. Gorman*, 1999 WL 33024, at *2 (S.D.N.Y. Jan. 21, 1999) ("Since defendant's answers and objections to plaintiff's interrogatories were not served timely, all the objections to the interrogatories are waived.").

Similarly, Plaintiff has also waived any potential objections to the requests for production of documents. *See, e.g.*, *In re RDM Sports Group, Inc.*, 277 B.R. 415, 423 (N.D. Ga. 2002) (citing authority for rule that failure to respond to document requests results in waiver of all objections unless production would violate federal law); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."); *Techsearch Servs.*, 1999 WL 33024, at *2 ("Failure to respond timely to a party's request for documents results in a waiver of all objections which could have been seasonably asserted.").

As a result, Defendant must now answer all of the interrogatories and produce all responsive documents without regard to objection or privilege. *See, e.g.*, *Doggett v. Perez*, 2004 WL 2939600, at *6 (E.D. Wash. 2004) ("Having not registered any objections to the requests for production, nor sought any type of protective order, and having waived any privilege they might assert, plaintiffs are obliged to produce all of the documents requested . . . ."); *Maloney v. Universalcom, Inc.*, 2001 WL 8589, at *1 (E.D. La. Jan. 3, 2001) (compelling answer of interrogatory without objection where responding party failed to timely object); *Techsearch Servs.*, 1999 WL 33024, at *2 (compelling complete answers to interrogatories and the production of all requested documents and finding all objections waived).

Plaintiff therefore asks the Court to order Defendant to submit answers to the interrogatories and to produce all responsive documents without objection or resort to privilege.

**2. By failing to answer the requests for admission, Defendant has admitted them.**

As noted above, Defendant has also failed to respond to Plaintiff's requests for admission. As a result, by operation of Rule 36, each request is deemed admitted. *See* FED. R. CIV. P. 36(a) ("The matter is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection . . . .") Nonetheless, out of an abundance of caution, Plaintiff seeks an Order deeming the requests admitted. *See* *Blue Seas Music, Inc. v. Fitness Surveys, Inc.*, 831 F. Supp. 863, 864 (N.D. Ga. 1993) ("As a result of the failure to respond, each of the facts stated in the Request for Admissions is deemed admitted, and is therefore 'conclusively established.'"); *Jenkins v. MCI Telecommunications Corp.*, 973 F. Supp. 1133, 1137 (C.D. Cal. 1997) ("Plaintiff concedes that he failed to respond to these requests within thirty days after service of the request. Therefore, it is deemed that Plaintiff has made each of these admissions.").

In keeping with the explicit language of Rule 36, Plaintiff asks this Court to enter an order deeming the requests for admission served upon Defendant admitted.

## CONCLUSION

Even after Plaintiff's failed attempts to negotiate with Defendant about her lack of any response to Plaintiff's discovery requests, Defendant has refused to comply with her discovery obligations. She has produced no responses to the discovery requests; neither has she produced any documents to Plaintiff.

Plaintiffs therefore ask this Court to enter an Order compelling Defendant to provide answers to the interrogatories and document requests and deeming admitted the requests for admission, and for such other relief as the Court deems just and necessary.

Respectfully Submitted,

James E. O'Neil
The Meadows, Suite A-103
1120 Ten Rod Road
North Kingstown, Rhode Island
Telephone: (401) 667-7111
Fax: (401) 667-7112
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 8th day of July, 2005, a true and accurate copy of the within Memorandum in Support of Plaitiff's Motion to Compel was mailed first-class, postage prepaid to Ms. Theresa Marinelli, 39 Peck Avenue, Riverside, RI 02915.

James E. O'Neil, Esq.