**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CAPITOL RECORDS, INC., a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and ARISTA RECORDS, LLC, a Delaware limited liability company, Plaintiffs, v. THERESA MARINELLI Defendant. | Civil No.: CA 04-460ML |

**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

**PROPOUNDING PARTY:** Plaintiff Capitol Records, Inc.

**RESPONDING PARTY:** Defendant

**SET NO.:** One

Pursuant to the Federal Rule of Civil Procedure 34, please make available for inspection and copying the documents and things described below, within thirty (30) days after service, at the law offices of James E. O'Neil, The Meadows, Suite A103, 1130 Ten Rod Road, North Kingstown, RI 02852.

## DEFINITIONS AND INSTRUCTIONS

A. "THE COMPUTER" means all computers and computer components located within your place of residence or otherwise within your possession, custody, or control that had access to the Internet at any time during the preceding three years through your account with Cox Communications, Inc.

B. "PERSON(S)" means and includes any natural person or any business, legal, or governmental entity or association.

C. "PLAINTIFFS' RECORDINGS" means the sound recordings listed on Exhibit A attached to the Complaint in this action.

D. The term "DOCUMENTS" has the same meaning and scope as that term has in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

E. "ONLINE MEDIA DISTRIBUTION SYSTEM" means any Internet-based system including, but not limited to, Kazaa, Grokster, MusicCity, BearShare, Limewire, iMesh, FastTrack, and Gnutella that enables users to copy sound recordings from, and/or distribute sound recordings to, other users of the system.

F. "MADE AVAILABLE" or "MAKE AVAILABLE" means storing a file or content on THE COMPUTER hard drive in a manner such that the file or content may be accessed by members of the public and/or other users of an ONLINE MEDIA DISTRIBUTION SYSTEM including, but not limited to, by placing the file or content in a "share" folder associated with an ONLINE MEDIA DISTRIBUTION SYSTEM.

G. "CONCERNING" means relating to, referring to, describing, evidencing, or constituting.

H. You must produce documents as they are usually kept, or organize and label the documents you produce to correspond with the categories enumerated below. See Fed. R. Civ. P. 34(b).

I. If any responsive document has been withheld because of a claim of privilege or work-product, you are required to produce a log stating the following information for each such document:

1. The date appearing on the document, or, if no date appears, the date upon which it was prepared;
2. Any identifying numbers or symbols;
3. The identity of each person who participated in the creation of the document;
4. The general subject matter of the document;
5. The number of pages of the document;
6. The identity of each person to whom the document is addressed, if any, and the identity of each person to whom the original or a copy of the document was sent;
7. The identity of each person who presently has possession, custody, or control of the document or any copy thereof;
8. The location of any file or files where the document or any draft or copy thereof normally or presently is kept;
9. The general nature or description of the document (e.g., letter, memorandum, handwritten notes, minutes, etc.);
10. The reason or reasons for the objection with sufficient particularity to allow the Court to adjudicate the merits of such objection, and the identity of the persons who have knowledge of the factual bases, if any, on which the privilege or other objection is asserted.

J. If any responsive document has been discarded, destroyed, or deleted you are required to produce a log stating, for each such document, the following information:

1. The date appearing on the document, or, if no date appears, the date upon which it was prepared;
1. Any identifying numbers or symbols;
2. The identity of each person who participated in the creation of the document;
3. The general subject matter of the document;
4. The number of pages of the document;
5. The identity of each person to whom the document was addressed, if any, and the identity of each person to whom the original or a copy of the document was sent;
6. The identity of each person whoever had possession, custody, or control of the document or any copy thereof;
7. The location of any file or files where the document or any draft or copy thereof normally was kept;
8. The general nature or description of the document (e.g., letter, memorandum, handwritten notes, minutes, etc.);
2. The circumstances surrounding the loss or destruction of the document.

**<u>DOCUMENTS TO BE PRODUCED</u>**

1. All DOCUMENTS CONCERNING any registration by you as a user of any ONLINE MEDIA DISTRIBUTION SYSTEM.

2. All sound recordings that are stored on the hard drive of THE COMPUTER that you copied or downloaded using an ONLINE MEDIA DISTRIBUTION SYSTEM within three years before the Complaint in this action was filed.

3. All sound recordings stored on the hard drive of THE COMPUTER that you ever MADE AVAILABLE via an ONLINE MEDIA DISTRIBUTION SYSTEM within three years before the Complaint in this action was filed.

4. All DOCUMENTS CONCERNING any sound recordings that you have MADE AVAILABLE via an ONLINE MEDIA DISTRIBUTION SYSTEM from THE COMPUTER within three years before the Complaint in this action was filed.

5. All DOCUMENTS CONCERNING any sound recording that you copied or downloaded from other users of an ONLINE MEDIA DISTRIBUTION SYSTEM within three years before the Complaint in this action was filed.

6. A complete print-out of your screen shots depicting any publicly accessible folder on THE COMPUTER, listing all sound recordings currently stored in those folders.

7. All DOCUMENTS CONCERNING any notices received by you from any Internet Service Provider CONCERNING copyrighted materials.

8. All DOCUMENTS CONCERNING communications or correspondence between you and any ONLINE MEDIA DISTRIBUTION SYSTEM, including, without limitation, e-mail messages, messages posted on on-line bulletin boards or in chat rooms, and real-time internet messaging messages.

9. All DOCUMENTS CONCERNING communications between you and anyone else CONCERNING any ONLINE MEDIA DISTRIBUTION SYSTEM or the "sharing," "trading," or downloading of digital music files, including, without limitation, e-mail messages, messages posted at on-line bulletin boards or in chat rooms, and real-time internet messaging messages.

10. All DOCUMENTS CONCERNING this lawsuit or any allegations contained therein.

11. All DOCUMENTS supporting any Affirmative Defense alleged in your Answer.

12. Photocopies of any compact discs or other phonorecords you own that contain any of the sound recordings listed in Exhibit B to the Complaint.

13. All DOCUMENTS reflecting your ownership of any compact discs or other phonorecords that contain any of the sound recordings listed in Exhibit B to the Complaint, including but not limited to any receipts reflecting your purchase of same.

14. All DOCUMENTS CONCERNING all CDs that you have recorded or burned from any sound recording that you downloaded using an ONLINE MEDIA DISTRIBUTION SYSTEM, including without limitation the CDs themselves and all lists of the sound recordings that are included on the CDs.

15. An electronic copy of each of the files identified in Exhibit B to the Complaint.

16. An electronic copy of each file currently contained in any share folder accessible through any ONLINE MEDIA DISTRIBUTION SYSTEM.

17. An electronic copy of the entire share folder utilized or created in connection with any ONLINE MEDIA DISTRIBUTION SYSTEM.

18. An electronic copy of the "registry" contained in (1) c:\windows\system.dat and (2) c:\windows\user.dat.

19. A copy of the "screenshot" of THE COMPUTER's Windows Desktop. For purposes of the request, please follow these instructions:

9. Start up THE COMPUTER and before running any program press the "Print Screen" button on your keyboard.
10. Click the "Start" button and select "Paint" from the "Accessories" menu.
11. Select "Paste" under the "Edit" menu in "Paint".
12. Under the "File" menu select "Save" and save the file as "desktop_screenshot.bmp".
13. Close the "Paint" program.

14. Click the “Start” button and press the “Print Screen’ button while the “Start Menu” is open.

15. Click the “Start” button and select “Paint” from the “Accessories” menu.

16. Select “Paste” under the “Edit” menu in “Paint”.

17. Under the “File” menu select “Save” and save the file as “start_menu_screenshot.bmp”.

18. Close the “Paint” program.

19. Click the “Start” button and select “All Programs” then press the “Print Screen’ button while the “All Programs Menu” is open.

20. Click the “Start” button and select “Paint” from the “Accessories” menu.

21. Select “Paste” under the “Edit” menu in “Paint”.

22. Include the files “desktop_screenshot.bmp”, “start_menu_screenshot.bmp” and “all_programs_menu_screenshot.bmp” in the backup returned to us.

Respectfully Submitted
By the Plaintiff
By and Through It’s Attorney

James E. O’Neil, #2097
The Meadows, Suite A-103
1130 Ten Rod Rd
North Kingstown, RI 02852
(401)-667-7111 -phone
(401)-667-7112- fax

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 26 day of March, 2005, a true and accurate copy of the within Request for Production of Documents was mailed first class, postage prepaid to Ms. Theresa Marinelli, 39 Peck Avenue, Riverside, Rhode Island 02915

James E. O'Neil, Esq.